## OREGON & C. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1906.)

No. 1,205.

1. PUBLIC LANDS—SUIT TO ADJUST LAND GRANT—EQUITY JURISDICTION.

Acts March 3, 1887, c. 376, 24 Stat. 556 [U. S. Comp. St. 1901, p. 1595], and Act March 2, 1896, c. 39, 29 Stat. 42 [U. S. Comp. St. 1901, p. 1603], authorize a suit by the United States against a railroad company to which land has been erroneously patented under a grant, on a money demand alone to recover the price of such land only after a determination by the Land Department that the land has been sold by the company to a bona fide purchaser, whose purchase is protected by the acts, on a claim made by or on behalf of such purchaser; and where no such claim has been made, but it appears that there is a basis for one, equity has jurisdiction of a suit by the United States against the company to recover the land or the price, as the facts may appear.

2. SAME—VALIDITY OF STATUTE.

The objection that such statutes are retroactive and void, in so far as they purport to give a right of action to recover the value of land which had been previously patented and sold by the company, cannot be made, where the sum sought to be recovered is less than that received by the company for the land, since it was clearly competent for Congress to require the company to account for the proceeds, as for money had and received for the use of the United States.

Appeal from the Circuit Court of the United States for the District of Oregon.

See 133 Fed. 953.

The appellee filed a bill in equity against the appellant, alleging that under the act of Congress approved July 25, 1866, granting to the appellant land in aid of the construction of a railroad and telegraph line from the Central Pacific Railroad line in California to Portland, Ore., a patent was, on July 12, 1871, erroneously issued, conveying to said appellant 146.18 acres of lands, which patent the bill alleges is void, and should be so declared, "but that the defendant company still claims title to said lands under said patent, and withholds said lands from your orator." The bill further alleges that, under the act of March 3, 1887, directing and authorizing the Secretary of the Interior to adjust all land grants theretofore unadjusted, and to make demand for relinquishment or reconveyance of lands erroneously patented to any railroad company, and to commence and prosecute in the proper courts the necessary proceedings to cancel such patents, the Commissioner of the General Land Office made upon the appellant a demand in writing to show cause within 30 days why proceedings should not be instituted to set aside and vacate the said patent; that, in pursuance thereof, the appellant, by one of its officers, made affidavit that it had sold and conveyed a portion of said land on May 20, 1875, to one George M. Clark, for the sum of $65.47, and the remainder thereof on June 21, 1886, to William Tucker, for $171.28, and that said sales were made in good faith to bona fide purchasers. The bill alleges that such showing was accepted as sufficient by the Secretary of the Interior; that on August 5, 1879, the Commissioner of the General Land Office duly made demand upon the appellant for the payment of $188.20 to the United States within 90 days, which payment the appellant has failed and refused to make. The bill then avers that on account of the complexity of the matters to be inquired into, and for the purpose of avoiding a multiplicity of suits, resort is had to a court of equity. The prayer of the bill is that the moneys received by the appellant for the sale of said lands be declared to be the money and property of the appellee, and that they be decreed to be held in trust for the appellee, and for such other and further relief as the case may require. To this bill the appellant demurred for want of equity. The demurrer was overruled,

and, the appellant declining to further plead, its default for want of an answer was entered, and it was decreed that the appellee recover from the appellant the sum of $182.71, being $1.25 per acre for the lands so erroneously patented.

Wm. D. Fenton, Wm. Singer, Jr., and Wm. F. Herrin, for appellant.

Francis J. Heney, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The appellant contends that the bill shows no ground of equitable jurisdiction, but a mere money demand arising out of an alleged sale by it of land erroneously patented to it. Act March 3, 1887, c. 376, 24 Stat. 556 [U. S. Comp. St. 1901, p. 1595], provides that, where land erroneously patented to a railroad company has been sold to a purchaser in good faith, the latter shall be entitled to such land, on making proof at the proper land office of such bona fide purchase, and that patent shall issue to him, and that the Secretary of the Interior shall, on behalf of the United States, demand payment from the company of an amount equal to the government price of such land, and that if payment be not made he shall cause suit to be brought to recover the same. Act March 2, 1896, c. 39, 29 Stat. 43 [U. S. Comp. St. 1901, p. 1603], in section 2, provides, in substance, that if any person claiming to be a bona fide purchaser of land so erroneously patented shall present his claim to the Secretary of the Interior, and it appear that he is a bona fide purchaser, the secretary shall request that suit be brought against the patentee for the value of the land, but that an adverse decision by the secretary shall not be conclusive of the purchaser's rights. Section 3 [U. S. Comp. St. 1901, p. 1604] provides that, if, prior to a suit to cancel a patent, a claim or statement is presented to the secretary by or on behalf of the purchaser, claiming that he is a bona fide purchaser, no suit shall be brought to cancel the patent until the claim is investigated in the Department of the Interior, and, if it shall appear that the purchaser is a bona fide purchaser, no such suit shall be instituted, but the secretary shall request that suit be brought against such patentee for the value of the land.

In brief, the statute prescribes that the suit may be brought against the corporation for the recovery of money only, in case the purchaser has been found to be a bona fide purchaser upon a claim made by himself or on his behalf to the Secretary of the Interior. No such claim appears from the bill to have been made in the present case. The suit therefore was not authorized to be brought for the recovery of the money value alone. The bill does not allege that the persons who bought were bona fide purchasers. All it alleges in that respect is that the appellant had presented to the Secretary of the Interior an affidavit of one of its officers, showing that, prior to the passage of the act of 1887, the land had been sold and conveyed by two conveyances, and that said sales were made in good faith to bona fide purchasers for the value of the land when sold. Such is not the claim

141 F.—53

or showing contemplated by either of the statutes. It was not a claim made by or on behalf of the purchasers. The purchasers of this land might have been proper parties defendant to this suit, but that they were not made parties is a matter that need not here be discussed, for the reason that the demurrer is directed solely to the want of equity in the bill. The bill distinctly alleges that the patent, which issued to the appellant to said land, is void, and should be so declared, and that the appellant still claims title to said land under said patent and withholds the same from the appellee. It is true that, in the prayer for relief, it is prayed that the moneys received by the appellant for said land be declared to be the moneys and property of the United States, held in trust by the appellant for the appellee; but it is coupled with a prayer for such other and further relief as the case may require. Under such a bill we entertain no doubt that the court, if it had determined that the sales were not to bona fide purchasers, could, as between the parties to this suit, have decreed the cancellation of the patent. The question of the bona fides of the purchasers had never been determined, and has not yet been determined, unless by the effect of the decree in this case. No objection was made in the court below, nor is any made here, to the decree, on the ground that that question had not been decided, and no error is assigned to the act of the court in entering a decree for the payment of the money. We have not overlooked the fact that the bill alleges that the showing made by the appellant to the Secretary of the Interior was "accepted as sufficient" by that officer. We are not advised as to just what is meant by that allegation, but, certain it is, that the Secretary of the Interior could not accept as sufficient any showing of the bona fides of a purchaser other than that which the statute contemplated. The bill being one for the cancellation of a patent, or, in case such cancellation should not be had, for the payment of the money value of the land, the court had jurisdiction in equity to entertain the same, and there was no error in overruling the demurrer on that ground.

The appellant contends further that the liability to pay the money value of the land was created by an act which was passed subsequent to the time when the land had been patented to the appellant. and by it sold to others, and that the operation of such a statute must be in futuro, and not retroactive, so as to create a liability for past transactions. It is a sufficient answer to this contention, so far as the present case is concerned, to point to the fact that the bill shows that the amount received by the appellant for the land described in the bill exceeds the sum for which judgment was demanded and obtained. Congress might undoubtedly have enacted that a suit be brought to require the appellant to account for the proceeds of such sales, as for money had and received. The appellant cannot complain that it is called upon to pay a sum less than that amount.

The judgment of the Circuit Court is affirmed.